**1164212**

**Harris County - County Civil Court at Law No. 2**

CAUSE NO. _____     **Jury Fee Paid**

| | | |
|---|---|---|
| BEATRICE CONTRERAS a/n/f S.C. | § | **IN THE CIVIL COURT OF** |
| ████████████ | § | |
| | § | |
| V. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| WAL-MART, STORES TEXAS, LLC. | § | **COUNTY COURT AT LAW NO.____** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, Beatrice Contreras a/n/f █████████ S.C., (hereinafter "Plaintiff",) in the

above entitled and numbered cause, complaining of and against Wal-Mart Stores Texas, LLC

(hereinafter "Defendant"), and for cause of action would respectfully show unto the Court and Jury

the following:

### A. DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure

190.2.

### B. PARTIES

2.     Plaintiff is a resident of Harris County, Texas.

3.     Defendant is a foreign corporation doing business in the State of Texas, and may be served

by and through its registered agent for service of process, CT Corporation System at 1999 Bryan

St., Suite 900 Dallas, Texas 75201.

### C. JURISDICTION AND VENUE

4.     This Court has jurisdiction over all of the parties and the subject matter involved in this

litigation.

5.     Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code

§15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's

claims occurred in Harris County.

Exhibit B

## D. FACTS

6.      On or about April 24, 2020, Plaintiff was an invitee-customer in a Walmart Supercenter controlled by Defendant and located at 111 Yale Street, Houston, Texas 77007. After exiting the store, Plaintiff walked beside her mother in the parking lot, heading towards her and her mother's vehicle. As Plaintiff and her mother were traversing the parking lot, a sharp metal piece from Defendant's corroded shopping cart pierced Plaintiff's left ankle.

7.      Defendant knew or should have known about the unreasonable condition on the premises in the form of the dangerous shopping cart. Defendant's failure to eliminate or warn of such dangerous condition proximately caused the Plaintiff's injury.

## E. CAUSES OF ACTION
## PREMISES LIABILITY

8.      At the time of the accident made the basis of this suit:

   (1) Defendant had actual or constructive knowledge of the unsafe condition on the premises, namely the corroded shopping cart;

   (2) The condition posed an unreasonable risk of harm;

   (3) Defendant did not exercise reasonable care to reduce, warn of, or eliminate the risk, and;

   (4) Defendant's failure to use such care proximately caused Plaintiff's injuries.

9.      Defendant is vicariously liable for the negligent actions and/or omissions of its employees via the doctrine of *respondeat superior*.

## G. DAMAGES

10.     Defendant's actions and/or omissions were a proximate cause of the occurrence and of the following injuries and damages suffered by Plaintiff:


Exhibit B

a.   Plaintiff has incurred reasonable and necessary medical expenses in the past, and, in all reasonable medical probability, will incur reasonable and necessary medical expenses in the future;

b.   Plaintiff has suffered physical pain and suffering in the past, and, in all reasonable probability, will continue to suffer physical pain in the future;

c.   Plaintiff has suffered mental anguish in the past and, in all reasonable probability, will continue to suffer mental anguish in the future;

d.   Plaintiff has suffered physical disfigurement in the past and, in all reasonable probability, will continue to suffer physical disfigurement in the future;

e.   Plaintiff has suffered physical impairment in the past and, in all reasonable probability, will continue to suffer physical impairment in the future;

f.   Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff ███ in the future; and
     S.C.

g.   Loss of property

11.   Plaintiff seeks damages in an amount that is within the jurisdictional limits of the court, but not to exceed $250,000.00.

## H.   DEMAND FOR JURY

12.   Plaintiff demands a jury trial and tenders the appropriate fee with the Original Petition.

## J. PRAYER

13.   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer this suit, and that upon final trial, she have judgment against Defendant for actual damages, prejudgment interest and post-judgment interest at the highest rate provided by law, costs of court, and all other relief, both general and special, at law or in equity, to which she may show herself justly entitled.

---

Exhibit B

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

Alan Kolodny
SBN: 24056882
Email: akolodny@fko-law.com
Rashon Murrill
SBN: 24110622
Email: rmurrill@fko-law.com
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597

**ATTORNEYS FOR PLAINTIFF
BEATRICE CONTRERAS a/n/f** S.C.

Exhibit B

CAUSE NO. 1164212

| | | |
|---|---|---|
| BEATRICE CONTRERAS a/n/f S.C. | * | IN THE COUNTY COURT |
| ▓▓▓▓▓▓▓▓ | * | |
| Plaintiffs | * | |
| | * | |
| VS. | * | AT LAW NO. 2 |
| | * | |
| WALMART STORES TEXAS, LLC | * | |
| Defendant | * | HARRIS COUNTY, TEXAS |

ORIGINAL ANSWER OF DEFENDANT WALMART STORES TEXAS, LLC

TO HONORABLE JUDGE OF SAID COURT:

Defendant, WALMART STORES TEXAS, LLC files its original answer.

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, WALMART STORES

TEXAS, LLC asserts a general denial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing

by reason of this suit herein, and that Defendant goes hence without day, and recover its costs.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/Karen L. Spivey
KAREN L. SPIVEY
SBN:  18955100
P.O. Box 16
Beaumont TX 77704-0016
2615 Calder Ave., Suite 800
Beaumont TX 77702
Ph:     409-835-5011
Fx:     409-835-5177
KarenSpivey@mehaffyweber.com
ATTORNEY FOR DEFENDANT,
WALMART STORES TEXAS, LLC

Exhibit B

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing Defendant's Answer has been forwarded to opposing counsel of record by electronic filing, on this 3rd day of March, 2021.

/s/ Karen L. Spivey
_____
KAREN L. SPIVEY

Exhibit B

CAUSE NO. 1164212

| | | |
|---|---|---|
| BEATRICE CONTRERAS a/n/f S.C. ██████████ | * | IN THE COUNTY COURT |
| Plaintiffs | * | |
| | * | |
| VS. | * | AT LAW NO. 2 |
| | * | |
| WALMART STORES TEXAS, LLC | * | |
| Defendant | * | HARRIS COUNTY, TEXAS |

JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

        COMES NOW WALMART STORES TEXAS, LLC, Defendant in the above cause, and

pursuant to Rule 216 of the Texas Rules of Civil Procedure demands a trial by jury.

WALMART STORES TEXAS, LLC is tendering the required fee with its jury demand.

                          Respectfully submitted,

                          MEHAFFY WEBER, P.C.

                          /s/Karen L. Spivey
                          KAREN L. SPIVEY
                          SBN:  18955100
                          P.O. Box 16
                          Beaumont, TX 77704-0016
                          2615 Calder Ave., Suite 800
                          Beaumont, TX 77702
                          Ph:     409-835-5011
                          Fx:     409-835-5177
                          KarenSpivey@mehaffyweber.com
                          ATTORNEY FOR DEFENDANT,
                          WALMART STORES TEXAS, LLC

Exhibit B

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Jury Demand has been forwarded to opposing counsel of record by electronic filing on this 3rd day of March, 2021.

/s/ Karen L. Spivey

_____

KAREN L. SPIVEY

Exhibit B